1   DAVID L. ANDERSON (CABN 149604)
United States Attorney

2

3   HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

4   LLOYD FARNHAM (CABN 202231)
Assistant United States Attorney

5

6   450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

7   Telephone: (415) 436-7200
Fax: (415) 436-7234
Lloyd.Farnham@usdoj.gov

8

Attorneys for United States of America

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

13   UNITED STATES OF AMERICA,                )   Case No. 19-CR-00376 RS
                                             )
14           Plaintiff,                      )
                                             )   STIPULATED PROTECTIVE ORDER
15       v.                                  )
                                             )
16   THOMAS HENDERSON,                       )
     KEXING HU a/k/a PETER HU, and           )
17   COOPER LEE                              )
                                             )
18           Defendants.                     )
     _____)

19

20

21           With the agreement of the parties that have appeared in this case, defendants Thomas Henderson

22   and Cooper Lee, the Court enters the following Protective Order.

23           Defendants are charged in an Indictment that alleges violations of 18 U.S.C. § 371 (Conspiracy);

24   18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud); 18 U.S.C. § 1343 (Wire Fraud); and 18 U.S.C.

25   § 1001(a) (False Statements to a Government Agency). Upon receipt of a discovery request, the United

26   States will produce documents and other materials pertaining to the defendants and the charged offenses

27   to defense counsel. The discovery to be provided includes documents or other materials falling into one

28   or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence address, personal telephone numbers, email addresses, driver's license number, professional license number, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPPA) ("Medical Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

IT IS HEREBY ORDERED that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been entirely redacted from the discovery materials.

The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.

Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (e.g., defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall provide their agreement to be bound by it in writing before receiving discovery under this Order.

Defense counsel may permit review by and provide discovery material produced by the

government to potential witnesses for the defense under the following conditions: (1) any discovery material reviewed or provided is limited to the materials relevant to the witness; (2) any discovery material reviewed or provided that contains Protected Information must be redacted; (3) the witness agrees in writing to be bound by this Order before receiving discovery under this Order; and (4) the witness agree to return or destroy materials after any meetings or discussions with defense counsel.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

IT IS FURTHER ORDERED that neither a defendant, a potential witness, nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (i.e., any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.[1]

IT IS FURTHER ORDERED that defense counsel shall return materials subject to this Protective Order (including any copies) upon a written request of the government to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal. After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order upon a

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

STIPULATED PROTECTIVE ORDER                3
19-CR-00376 RS

1  written request of the government within 14 days after the district court's ruling on the motion or 14

2  days after the conclusion of any direct appeal of the district court's order denying the motion, whichever

3  is later.

4         This stipulation and Order is without prejudice to either party applying to the Court to modify the

5  terms of this Protective Order. This Court shall retain jurisdiction to modify this Order upon motion of

6  either party even after the conclusion of district court proceedings in this case.

7         IT IS SO STIPULATED.

8  Dated:                             Respectfully submitted,

9                               DAVID L. ANDERSON

10                               United States Attorney

11

12                               _____/s/_____

LLOYD FARNHAM

13                               Assistant United States Attorney

14

15                               _____/s/_____

ANGELA HANSEN

16                               Assistant Federal Public Defender

17                               Counsel for THOMAS HENDERSON

18

19                               _____/s/_____

ADAM G. GASNER

20                               Counsel for COOPER LEE

21

22         IT IS SO ORDERED.

23  Dated:

24

25                               _____

HONORABLE RICHARD SEEBORG

26                               United States District Judge

27

28

STIPULATED PROTECTIVE ORDER     4
19-CR-00376 RS